United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VATIS HALL, (SPN # 02440168), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-592 |
| NEAL KRUGH, et al., | § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Vatis Hall, (SPN #02440168), is a pretrial detainee in the Harris County Jail. He filed a civil rights action under 42 U.S.C. § 1983 against Neal Krugh, Esquire; Ryan McLearen, Esquire; Harris County District Attorney Sean Teare;[1] former Harris County District Attorney Kim Ogg; and an unidentified Assistant District Attorney who is prosecuting the criminal actions currently pending against him in state court. (Dkt. 1). His action is dismissed with prejudice for the reasons explained below.

### I.   BACKGROUND

Hall is currently detained in the Harris County Jail awaiting trial on felony

---

[1]Hall has misspelled Harris County District Attorney Teare's name as "Teir." (Dkt. 1). He has also misspelled court-appointed defense counsel McLearen's name as "Mclearn." The Court will use the correct spelling of these defendants' names.

1/9

charges of super aggravated sexual assault of a child under the age of six. *See* Search Our Records, www.hcdistrictclerk.com (visited Mar. 31, 2025).

In this complaint, which is one of at least four Hall has filed against various entities relating to his pending criminal prosecution, Hall alleges that appointed defense attorneys Krugh and McLearen; District Attorney Teare; former District Attorney Ogg; and the unidentified Assistant District Attorney who is prosecuting his case have been negligent and have engaged in professional malpractice during the course of the criminal proceedings. (Dkt. 1). Specifically, he alleges that he has been denied a speedy trial, denied affordable bail, denied the effective assistance of counsel, and denied the right to represent himself. (*Id.* at 4). He also alleges that he is wrongfully incarcerated and that the proceedings constitute parental interference. (*Id.*). As relief, Hall asks the Court to impose disciplinary sanctions against each of the defendants and award him money damages against them. (*Id.*).

## II.   LEGAL PRINCIPLES

### A.   Actions Under 42 U.S.C. § 1983

Hall brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a

violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman,* 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.,* 765 F.2d 1278, 1283 (5th Cir. 1985).

### B.  The Prison Litigation Reform Act

The PLRA, which governs Hall's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint

alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright,* 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs,* 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   *Pro Se* Pleadings

Hall is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers

and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* plaintiffs "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

### III. DISCUSSION

#### A. Hall Fails to Allege Actionable Claims

##### 1. Hall does not Allege a Constitutional Violation

Hall alleges that each of the defendants are liable to him for professional malpractice and negligence in their handling of the state criminal action currently pending against him. But as explained above, § 1983 provides a cause of action only for claims arising under the United States Constitution and federal law. *See West*, 487 U.S. at 48. Claims for professional malpractice and negligence are state tort actions rather than federal constitutional violations. *See, e.g., Aguocho-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (per curiam) (claims of professional negligence and malpractice may not be recast as federal constitutional violations); *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008) (per curiam) (same). Because Hall's claims of negligence and professional

malpractice do not allege a violation of rights secured by the Constitution or federal law, they are frivolous. Hall's claims for negligence and professional malpractice against each of the defendants are dismissed with prejudice under § 1915A(b)(1) as frivolous.

### 2. Defense Counsel are not State Actors

Even if Hall had alleged violations of his constitutional rights, his claims against Krugh and McLearen, who are his appointed defense counsel, would be dismissed for lack of a state actor.

As explained above, only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier*, 765 F.2d at 1283. Neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because, under those circumstances, counsel is acting on behalf of the defendant rather than on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

Because Hall's court-appointed defense counsel—Krugh and McLearen—are not state actors, he does not allege an actionable claim against them under § 1983. His claims against these two defendants are dismissed with prejudice under § 1915A(b)(1) as frivolous.

### 3. <u>The Prosecutors are Immune</u>

Finally, Hall's claims against District Attorney Teare, former District Attorney Ogg, and the unidentified Assistant District Attorney prosecuting his case must be dismissed because district attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity for actions they take to prosecute a defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)).

District Attorney Teare, former District Attorney Ogg, and the unidentified Assistant District Attorney are all immune from suit for Hall's claims arising out of his pending criminal prosecution. Hall's claims against these defendants are dismissed under § 1915A(b)(2) as seeking relief against defendants who are immune from such relief.

### B. Failure to Pay the Filing Fee

Along with his complaint, Hall filed a motion for leave to proceed *in forma pauperis*, but that motion was not accompanied by a certified copy of Hall's inmate trust fund account statement or the institutional equivalent, as required by 28 U.S.C. § 1915(a). (Dkt. 2). On February 18, 2025, the Court notified Hall that he was required to either pay the applicable filing fee or file a properly supported motion to proceed *in forma pauperis* within 30 days of the date of the Court's order. (Dkt. 5). The Court warned Hall that failing to comply as ordered could result in the Court dismissing his action without further notice under Federal Rule of Civil Procedure 41(b). (*Id.*). To date, Hall has not complied with the Court's February 18 Order, and his time to do so has now expired. The Court therefore denies Hall's motion for leave to proceed *in forma pauperis*. (Dkt. 2).

## IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Hall's civil rights action, (Dkt. 1), is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

2. Hall's motion to proceed *in forma pauperis*, (Dkt. 2), is **DENIED**.

3. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List

8/9

Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on _____Mar 31_____, 2025.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE